

FILED
IN OPEN COURT

NOV 1 7 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.

VIRGINIA PUMP AND MOTOR
COMPANY, INC.,

*Defendant.*

No.  2:25cr129

## PLEA AGREEMENT

Lindsey Halligan, United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, Virginia Pump and Motor Company, Inc., its duly authorized agent, Carroll Moon,  and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The terms of this Plea Agreement are as follows:

1.      **Offense and Maximum Penalties**

The defendant agrees to plead guilty count one of the information filed herein charging the defendant, Virginia Pump and Motor Company, Inc., with the following: Count 1: Knowingly committing an act that constituted a violation of a requirement imposed in HRSD's approved local pretreatment program by violating the conditions of its industrial user permit including: failing to discharge grease waste at designated locations, underreporting of grease waste discharges and failing to pay mandatory discharge fees to HRSD. The maximum penalties for this offense are: (1) a maximum term of probation of five years; (2) a maximum fine of $50,000 per day of violation, or $500,000, or twice the pecuniary gain or loss resulting from the

offense pursuant to 18 U.S.C. § 3571(c)-(d); (3) restitution as outlined below; (4) a special assessment of $400 pursuant to 18 U.S.C § 3013.

**2.     Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense.  The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt.  The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

**3.     Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement.  The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to present evidence, and to compel the attendance of witnesses.

**4.     Sentencing Guidelines, Recommendations, and Roles**

The United States and the defendant acknowledge that the guidelines contained in Chapter 8 of the United States Sentencing Guidelines provide specific guidance in determining the recommended sentence to be imposed for crimes committed by organizations such as corporations. However, the provisions in Chapter 8 pertaining to the calculation of fines for specific offenses (§§ 8C2.2-2.9) do not apply to environmental crimes, including Clean Water

Act criminal offenses. See USSG § 8A1 .1 Application Note 2, 8C2. 1, 8C2.10. Fines in this case are to be calculated pursuant to Clean Water Act provisions and the general statutory provisions governing sentencing in 18 U.S.C. § 3553 and 3572. USSG § 8C2.1, Background and § 8C2.10. The remaining provisions of Chapter 8 concerning remedying harm, restitution, remedial orders, community service, payment of fines or reduction of fines based on inability to pay, and implementing organizational probation are applicable here.

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant recommend that the Court impose a sentence of 3 years of probation and a $150,000 fine. The parties also recommend that the court provide for a payment schedule for the defendant to pay the recommended fine in either monthly or yearly installments during

3

the term of probation.  In the event, the defendant defaults in its payments for more than 15 days, the defendant agrees to pay interest on any remaining amounts and may incur in further penalties upon delinquency, as calculated pursuant to 18 U.S.C. § 3612.

In addition, and pursuant to 18 U.S.C. § 3563(b)(12) and U.S.S.G. § 8B1.3, the defendant Virginia Pump and Motor Company, Inc., agrees to pay $100, 000.00 to the Hampton Roads Sanitation District to fund community service projects in the Eastern District of Virginia aimed at remedying the harmful effects of the crime of conviction and the treatment of fats, oils, and grease (FOG) in the area.  The parties acknowledge that HRSD manages a program that involves grease traps and grease interceptors, which must be regularly cleaned.  The community service project can include payment for technical equipment and training to the local community businesses that handle FOG.  To provide necessary oversight, the parties agree that at the end of each of the three years of probation (and no later than December 31 of each year), the defendant and HRSD will provide proper accounting of the payments and how HRSD spent the funds. Reports shall be provided to the U.S. Probation Office, the U.S. Environmental Protection Agency – Criminal Investigation Division, and the U.S. Attorney's Office for the Eastern District of Virginia in Norfolk, Virginia.

Defendant Virginia Pump and Motor Company, Inc., acknowledges that the United States Sentencing Guidelines requires the Court to determine whether a defendant has an effective ethics and compliance program to detect and prevent violations of law pursuant to Chapter 8, Section 8B2.1.  Accordingly, the defendant will develop and implement a program which satisfies this requirement, including: (a) exercising due diligence to prevent and detect criminal conduct, and (b) promoting an organizational culture that encourages ethical conduct and a commitment to compliance with the law. If necessary, the U.S. Probation Office- in consultation

4

with the EPA and the United States Attorney's Office, if necessary – will have the right to periodically monitor the approved EMS during the probationary period and bring any violations to the attention of the defendant for corrective action, and to the Court, if corrective actions are not taken timely.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement.

If necessary, the defendant will provide to the Court and to the United States written evidence in the form of a notarized resolution of the Board of Directors certifying that the defendant corporation has agreed to waive being charged by an indictment, is authorized to plead guilty to the charges set forth in the Information, and also agree to comply with all provisions of this agreement. The resolution shall further certify that the person representing the defendant corporation is authorized to take these actions and that all corporate formalities, including but not limited to, approval by the defendant's directors, required for such authorization, have been observed.

5.      **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6. Immunity from Further Prosecution in This District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or Statement of Facts. This Plea Agreement and Statement of Facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

### 7. Dismissal of Other Counts

The are no other criminal charges to be dismissed based on the conduct at issue here.

### 8. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. §§ 3613 and 3572, all monetary penalties imposed by the Court, including restitution (except as provided in this agreement), will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of

6

Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

### 9.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013(a)(2)(B).

### 10.    Restitution

The defendant agrees to the imposition of restitution pursuant to 18 U.S.C. § 3663(a)(3) in the full amount of the victims' losses. The restitution amount shall be payable jointly and severally with co-defendant Carroll Moon. The defendant agrees that victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct are victims as defined by 18 U.S.C. § 3663(a)(2). Pursuant to statute and this Plea Agreement, the parties agree that the following victims have suffered the losses identified below and are entitled to restitution:

| Victim Name and Address | Restitution Amount |
|---|---|
| The Hampton Roads Sanitation District | $126,000 |
| 1434 Air Rail Ave, Virginia Beach, VA 23455 | |

The parties also agree that the defendant shall pay restitution in, at least yearly, installments of $42,000 during the term of probation. The first installment of $42,000 shall be payable at sentencing. The defendant agrees to pay two additional payments of $42,000 no later than the same day and month of sentencing in 2026 and 2027, respectively. In the event, the defendant defaults in its payments for more than 15 days, the defendant agrees to pay interest on any remaining amounts and may incur in further penalties upon delinquency, as calculated pursuant to 18 U.S.C. § 3612.

7

## 11.    Breach of the Plea Agreement and Remedies

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.  The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney).  If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

      a.    The United States will be released from its obligations under this agreement.  The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

      b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.  Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

      c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

8

## 12.     Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty.  Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Lindsey Halligan
United States Attorney

By: _____
Joseph I. Kosky
Assistant United States Attorney


By: _____
David Lastra
Special Assistant United States Attorney

9

   <u>Defendant's Signature</u>: I hereby state that I am the dully appointed representative of Virginia Pump and Motor Company, Inc., authorized by the corporation to enter into this plea agreement.  As such, I hereby state that I have consulted with my attorney and fully understand all rights with respect to this criminal mater. I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: ___4-12.25___          _____
                              Carroll Moon for
                              Virginia Pump and Motor Company, Inc.
                              Defendant

   <u>Defense Counsel's Signature</u>: I am counsel for the corporate defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to this criminal matter. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: ___11/12/25___          _____
                              Gary Bryant
                              Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your Special Assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | 2:25-cr- 129 |
| DEFENDANT'S NAME: | Virginia Pump and Motor Company, Inc. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**

    CLERK, U.S. DISTRICT COURT

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE.**

3. **PAYMENT SHOULD BE SENT TO:**

| | In-Person (9 AM to 4 PM) | By Mail: |
| --- | --- | --- |
| **Alexandria Cases:** | | **Clerk, U.S. District Court**<br>**401 Courthouse Square**<br>**Alexandria, VA 22314** |
| **Richmond Cases:** | | **Clerk, U.S. District Court**<br>**701 East Broad Street, Suite 3000**<br>**Richmond, VA 23219** |
| **Newport News Cases:** | | **Clerk, U.S. District Court**<br>**2400 West Ave., Suite 100**<br>**Newport News, VA 23607** |
| **Norfolk Cases:** | | **Clerk, U.S. District Court**<br>**600 Granby Street**<br>**Norfolk, VA 23510** |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER.**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER AND PROMPT APPLICATION OF PAYMENT.**

